IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                            No. CIV 00-1457 LH/KBM - ACE

A 1993 KENWORTH TRACTOR, VIN:
1XKADB9X8PJ595046,

    Defendant,

AND

DELOIS GRACE,

    Claimant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Government's Motion for Summary Judgment Regarding the Right, Title, and Interest of Claimant Delois Grace and Claimant's Answer in Opposition to Plaintiff's Motion for Summary Motion [sic] and Motion for Summary Judgment in Favor of Claimant (Docket Nos. 13 & 16), filed June 20, 2001 and August 3, 2001 respectively. The Court, having considered the pleadings submitted by the parties and otherwise being fully advised, **reserves ruling** on both motions pending the opportunity for Claimant to file a verified statement of ownership or interest and for supplemental briefing on the issue of Article III standing.

These motions arise in the context of Claimant's challenge to the Government's civil forfeiture of the Defendant property, a 1993 Kenworth tractor. The tractor was seized by the FBI in New Mexico on May 30, 2000, after Port of Entry officials discovered almost 400 pounds of marijuana

in the trailer it was hauling. Claimant's name is on the title to the tractor. She was not present when the tractor was seized. During a search of the tractor, the title was found in the cab in a briefcase belonging to Thomas Lee Holmes, who had been driving at the time of the seizure.

Claimant filed a Petition for Remission with the FBI and posted a bond of $2,000 on August 21, 2000. When the Government initiated judicial forfeiture proceedings by filing a complaint with the Court, Claimant filed a timely answer; however, she failed to file a verified statement of ownership or interest, which is required prior to the answer under Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims ("Rule C(6)").

The Government subsequently filed a motion for summary judgment on the merits. Claimant responded and counter-moved for summary judgment, contending that she holds title to the tractor and can establish an "innocent owner defense" by a preponderance of the evidence. In its reply, the Government asserted that, not only did Claimant fail to overcome summary judgment on the merits, but she altogether lacks statutory and constitutional standing to challenge the forfeiture. It has also moved the Court to order Claimant to pay the costs of the seizure and this proceeding.

**Analysis**

Before considering the merits of a case, the Court must make threshold determinations about statutory and constitutional standing. *See United States v. $321,470, U.S. Currency*, 874 F.2d 298, 305 (5th Cir. 1989). If a party does not have both forms of standing, the Court lacks subject matter jurisdiction to consider the merits of a challenge to forfeiture brought by that person. *See Mercado v. United States Customs Service, et al.*, 873 F2d 641, 644 (2d Cir. 1989). Thus, a party may raise a standing issue at any time, and the Court is duty-bound to examine it before turning to the merits.

**Statutory Standing**

The Government first asserts that Claimant does not have statutory standing to object to the forfeiture because she did not file a verified claim of ownership or interest, as required by Rule C(6)(a)(i), and her answer did not contain sworn or verified statements that might serve as a substitute for the Rule C(6)(a)(i). Rule C(6)(a)(i) requires a person who asserts an interest or right against property that is the subject of an *in rem* forfeiture action to file a verified statement identifying his interest or right within thirty days after receiving actual notice of execution of process. *See* Rule C(6)(a)(i) *as modified by* 18 U.S.C. § 983(a)(4)(A).[1] That person, the claimant, must also file an answer to the Government's complaint within twenty days of filing the verified statement. *See* Rule C(6)(a)(iii); 18 U.S.C. § 983(a)(4)(B).

Claimant did not file a Rule C(6)(a)(i) verified statement. However, the Court may, in its discretion, expand the time to allow a claimant to amend pleadings to correct a procedural error in a civil forfeiture. *See United States v. One 1979 Mercedes 450SE*, 651 F.Supp. 351, 353-54 (S.D. Fla. 1987).

> The district court should only exercise its discretion to grant additional time where the goals underlying the time restriction and the verification requirement are not thwarted. The purpose of the time limit is to force claimants to come forward as soon as possible after forfeiture proceedings have been initiated so that all interested parties can be heard and the dispute resolved without delay.

*Id.* (quoting *United States v. 1982 Yukon Delta Houseboat*, 774 F.2d 1432, 1436 (9th Cir. 1985) (internal punctuation omitted)).

---

[1] The Civil Asset Forfeiture Reform Act of 2000 ("CAFRA") extended the time for filing a statement of ownership or interest provided in Rule C(6) from twenty to thirty days.

In this case, the Government had early notice of Claimant's challenge to the forfeiture in the form of the petition for remission, the $2,000 bond, and the answer to its complaint in this Court. Moreover, the Government made no objection to Claimant's lack of verified statement until filing its reply in support of summary judgment. Allowing Claimant an additional thirty days to file a statement of ownership or interest will not substantially delay the proceedings in this case.

Additionally, one of the most important factors the Court examines in evaluating whether to allow an amendment or filing out of time is whether doing so will prejudice the Government's case. *See United States v. U.S. Currency, in the Amount of $103,387.27*, 863 F.2d 555, 562 (7th Cir. 1988). While Claimant's petition, bond, and answer are not substitutes for filing a statement of ownership or interest, they are a sufficient demonstration of a claim against the defendant property to excuse Claimant's failure to follow procedure to the letter. *See One 1979 Mercedes*, 651 F.Supp. at 354-55 (allowing claimant to file claim out of time, despite attorney's "utter lack of reasons for the late filing" when the Government did not suffer prejudice from deficiencies in claim). In this case, the Government has made no argument that its case will be compromised if Claimant is allowed additional time to correct her procedural deficiencies. The Court will, therefore, afford Claimant the opportunity to amend her filings to include a Rule C(6)(a)(i) statement, verified by the Claimant herself and identifying her interest or right in the tractor.

**Article III Standing**

The Government also contends that Claimant lacks standing under Article III of the United States Constitution because she has not demonstrated ownership, dominion, or control over the tractor beyond having her name on the title. In civil forfeiture cases, a claimant demonstrates Article III standing by showing that she would suffer substantial injury if the property were forfeited and that

preventing the forfeiture will redress the injury. *See United States v. Cambrio Exacta, S.A.*, 166 F.3d 522, 527 (2d Cir. 1999). A claimant usually demonstrates this by offering proof of ownership or other interest in the property.

In the majority of circuits, title alone is insufficient to establish Article III standing because possession of title does not necessarily indicate that forfeiture of the property will cause the holder to suffer substantial injury. *See, e.g., United States v. One 1982 Porsche 928*, 732 F.Supp. 447, 451 (S.D.N.Y. 1990) (collecting cases). This is true in the case of the so-called "strawman owner," often used in drug trafficking schemes. The strawman owner holds title to property on behalf of the true owner for the sole purpose of thwarting forfeiture in the event of its seizure. *See id.*

It is the claimant's burden to establish standing. However, since standing is rarely contested in civil forfeiture cases, the claimant need not affirmatively establish standing in his pleadings until the Government actually brings a challenge. *See United States v. $38,570 United States Currency*, 950 F.2d 1108, 1112 (5th Cir. 1992). In this case, the Government did not challenge Claimant's standing until its reply brief in support of summary judgment. Since Claimant has not had an opportunity to establish her standing to challenge the forfeiture, the Court will allow her to file a supplemental pleading setting forth with specificity the basis of her standing.

**Summary Judgment**

Until the issue of Claimant's standing is resolved, the Court cannot rule on summary judgment. It is undisputed that the Government had probable cause to believe the tractor was subject to forfeiture. Additionally, as the pleadings now stand, Claimant has set forth not a scintilla of support for her claim of innocent ownership. Unless Claimant uses the amended and additional

pleadings herein authorized to establish standing and provide sufficient facts to raise a triable dispute, the Court will likely grant summary judgment in favor of the Government without further briefing.

**IT IS, THEREFORE, ORDERED** that the Court will **reserve ruling** on the Government's Motion for Summary Judgment Regarding the Right, Title, and Interest of Claimant Delois Grace and Claimant's Answer in Opposition to Plaintiff's Motion for Summary Motion [sic] and Motion for Summary Judgment in Favor of Claimant, pending the resolution of the standing issue.

**IT IS FURTHER ORDERED** that Claimant shall have thirty days from the date of this Opinion and Order to file both a verified statement of ownership or interest in the Defendant tractor and a supplemental brief on the issue of Claimant's Article III standing.

**IT IS FURTHER ORDERED** that the Government will have fourteen days from receipt of Claimant's amended pleadings and additional briefing to respond. No replies will be allowed.

**UNITED STATES DISTRICT JUDGE**