IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                         No. CIV 00-1457 LH/KBM - ACE

A 1993 KENWORTH TRACTOR, VIN:
1XKADB9X8PJ595046,

    Defendant,

AND

DELOIS GRACE,

    Claimant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Government's Motion for Summary Judgment Regarding the Right, Title, and Interest of Claimant Delois Grace, and Claimant's Answer in Opposition to Plaintiff's Motion for Summary Motion [sic] and Motion for Summary Judgment in Favor of Claimant (Docket Nos. 13 & 16), filed June 20, 2001 and August 3, 2001 respectively. The Court, having considered the pleadings and supplemental briefing, and otherwise being fully advised, finds that the Government's motion is well-taken and shall be **granted,** and that Claimant's motion is not well-taken and shall be **denied.**

## PROCEDURAL HISTORY

In this civil forfeiture proceeding, the Government has filed a motion for summary judgment. It argues that it has established its burden of probable cause to seize and bring forfeiture proceedings

against a 1993 Kenworth tractor ("Defendant Property" or "Property") as a conveyance used "to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of" a controlled substance under 21 U.S.C. §881(a)(4),[1] and the only claimant of record has failed to prove its affirmative defense. Claimant filed a response and counter-motion for summary judgment, urging the Court to find that she had submitted sufficient evidence to establish her innocent ownership of the Defendant Property, and that the Government had failed to offer proof to the contrary. In reply, the Government reasserted its grounds for summary judgment and for the first time charged that Claimant lacked statutory and Article III standing to bring a claim of ownership.

This Court initially reserved ruling on the parties' respective motions for summary judgment to allow Claimant a chance to establish standing and shore up her innocent ownership defense. (Memorandum Opinion and Order (Docket No. 21), filed March 28, 2002). In that order, the Court allowed Claimant an additional thirty days in which to 1) establish statutory standing by filing a verified statement of ownership or interest in the Defendant Property, as required by Rule C(6)(a)(i) of the Supplemental Rules for Certain Admiralty and Maritime Claims; 2) establish Article III constitutional standing by demonstrating that she has an interest in the Property and will suffer genuine injury in the event of forfeiture; and 3) provide evidence of her "innocent ownership" of the Property sufficient to overcome summary judgment. *Id.* at 4-6.

In response to the Court's order, Claimant filed a document entitled "Claim of Ownership," to which is attached a "verification." The Government has filed a response to Claimant's submissions, wherein it renews its motion for summary judgment based on Claimant's lack of standing and failure

---

[1] In its memorandum in support of its motion for summary judgment, the Government actually cited to 21 U.S.C. §888(a)(4). The Court treats this as a typographical error and assumes §881(a)(4) was intended.

to establish her innocent owner defense. Having given the parties ample time to amend and respond to the pleadings, the Court may now take up the matter of the summary judgment motions.

## FACTS

Defendant Property is a 1993 Kenworth tractor, bearing the vehicle identification number ("VIN") 1XKADB9X8PJ595046, currently in the custody of the Government. The Property was seized on May 30, 2000, after agents of the New Mexico Motor Transportation Division and the United States Federal Bureau of Investigation discovered that it was hauling a trailer containing almost 400 pounds of marijuana. (28 U.S.C. §1746 Declaration of Jeffrey A. Royer (attached to Docket No. 14), filed June 20, 2001, ¶¶ 2-4). The occupants at the time the Property was seized, Thomas Lee Holmes and Craig Anthony Henderson, were arrested. *Id.*, ¶ 5.

Thomas Holmes pled guilty to possession with intent to distribute more than 100 kilograms of marijuana and stated in his plea agreement that the Property was "knowingly used to facilitate the transportation, sale, receipt, possession, or concealment of more than 100 kilograms of marijuana." (*United States v. Holmes*, CR No. 00-872 LH (Docket No. 31, ¶ 12), filed October 30, 2000). As part of his plea agreement, Thomas Holmes forfeited to the United States all right, title, and interest to any asset subject to forfeiture under 21 U.S.C. §§ 881(a)(4) and 881(a)(6), specifically including the Defendant Property. *Id.*, ¶ 11.

Claimant Delois Grace is listed as the sole owner of the Property on the Illinois title document Thomas Holmes was carrying when the vehicle was seized. (Declaration of Jeffrey A. Royer, ¶ 8). Claimant was not present on May 30, 2000 when Defendant Property was seized. *Id.*, ¶ 9.

**ANALYSIS**

In ruling on motions for summary judgment in civil forfeiture cases, the Court applies Federal Rule of Civil Procedure 56(c) as in any other case. Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, show no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. In applying this standard, the Court examines the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *United States v. 16328 South 43rd East Avenue*, 275 F.3d 1281, 1284 (10th Cir. 2002).

The Court notes initially that the burden of proof in civil forfeiture proceedings shifts. First, the Government must show that it had probable cause to seize and institute forfeiture proceedings against the property. *United States v. $149,442.43 in United States Currency*, 965 F.2d 868, 876 (10th Cir. 1992). Probable cause is defined as "a reasonable ground for belief of guilt [of the property] supported by less than prima facie proof, but more than mere suspicion." *Id.* If probable cause is established, the burden of proof then shifts to the claimant who may recover the defendant property only by rebutting probable cause or establishing a defense to forfeiture (such as the innocent owner defense) by a preponderance of the evidence. *Id.* at 876-77. If the claimant fails to raise sufficient evidence for a defense, the Government need prove nothing further, and it is entitled to a judgment of forfeiture solely on its showing of probable cause. *Id.* at 876.

The Court will address the Government's and Claimant's proof in turn, but first turns to the threshold issue of Claimant's standing to bring her claim.

**Standing**

In civil forfeiture cases, it is the claimant's burden to establish two kinds of standing, statutory and constitutional, if challenged by the Government. *See United States v. $38,570 United States Currency*, 950 F.2d 1108, 1112 (5th Cir. 1992). To establish statutory standing, Rule C(6)(a)(i) of the Supplemental Rules for Certain Admiralty and Maritime Claims requires a claimant to file a *verified* statement of interest or right. However, Rule C(6)(a)(ii) states: "[A]n agent, bailee, or attorney must state the authority to file a statement of interest in or right against the property on behalf of another."

In this case, Claimant did not herself verify her claim of ownership. Rather, her attorney signed the documents with an explanation that Claimant, who lives in Chicago and has no access to a fax machine, telephonically approved the them. (Claim of Ownership and Verification (Docket No. 22), filed April 29, 2002). Based on the attorney's explanation of Claimant's personal constraints and her telephonic authorization for him to sign the documents, the Court finds that Claimant has sufficiently complied with Rules C(6)(a)(i)&(ii) to establish statutory standing.

Regarding Article III or constitutional standing, a claimant must show 1) that she has personally suffered an injury in fact; 2) that the injury is fairly traceable to the Government's seizure; and 3) that it is likely, not merely speculative, that the injury will be redressed by decision in the claimant's favor. *Cf. United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1204 (10th Cir. 2001).[2] In this case, Claimant has submitted a copy of the title to the Property bearing her name and alleged

---

[2] Other prudential factors not at issue in this case are: 1) the claimant must assert his own legal rights; 2) the court must refrain from adjudicating 'generalized grievances' most appropriately addressed by one of the other branches of government; and 3) the claim must fall within the zone of interest to be protected or regulated by the statute or constitutional guarantee in question. *Rodriguez-Aguirre*, 264 F.3d at 1204.

in her Claim of Ownership that she has suffered harm and will continue to suffer if the Property is forfeited.

The Government argues that Claimant's assertion of standing solely through the presence of her name on the title to the Property is insufficient because it does not indicate conclusively that she exercised dominion or control over the Property or shown that forfeiture of the property would cause her to suffer substantial injury. *See, e.g., United States v. One 1982 Porsche 928*, 732 F.Supp. 447, 451 (S.D.N.Y. 1990) (collecting cases). Other jurisdictions have determined that possession of title alone does not establish that the claimant has suffered an injury in fact and further proof of injury is required through a showing of dominion and control over the property. *See, e.g., United States v. One 1990 Chevrolet Corvette*, 37 F.3d 421, 422 (8th Cir. 1994); *United States v. One 1988 Honda Accord*, 735 F.Supp. 726, 728 (E.D. Mich. 1990). In these so-called "strawman owner" cases, which are often used in drug trafficking schemes, title to property is placed in the name of a non-owner who is not connected to the criminal enterprise in order to thwart forfeiture of the property in the event of a seizure by law enforcement. *See, e.g.*, 1 DAVID B. SMITH, PROSECUTION AND DEFENSE OF FORFEITURE CASES ¶ 9.04[2][c][i] (2001).

The Government urges that Claimant in this case is a strawman owner who does not demonstrate true ownership or injury in fact and, therefore, that she has no Article III standing. In her recently filed Claim of Ownership, however, Claimant asserts that the Property has served as the sole source of income for her family and that, even though she is unable to operate the tractor, she could still derive income from it through lease to other truck drivers, or its sale.

In *United States v. Rodriguez-Aguirre*, 264 F.3d 1195 (10th Cir. 2001), the Tenth Circuit recently ruled that the threshold for establishing standing is relatively low in return of property cases

filed under Federal Rule of Criminal Procedure 41(e).³ In *Rodriguez-Aguirre*, the claimants submitted a rough "laundry list" of personal property that they believed had been unlawfully seized and forfeited. The trial court concluded that this non-specific list failed to establish the claimants' ownership interest and dismissed the claim for lack of constitutional standing. Reversing and remanding, the Tenth Circuit held that to establish standing claimants needed only to provide "general factual allegations of injury resulting from the [Government's] conduct," *id.* at 1204-05 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)), and found that the claimants' rough list of items and unsupported declarations of ownership were sufficient to meet the relatively modest requirements of standing. *Id.*

In this case, Claimant purports to establish not only her ownership interest in the Property, but also injury in fact. She shows her ownership interest by means of the title bearing her name, and she shows that she has suffered an injury in fact by asserting that the Property was her family's sole source of income and could continue to be through its lease or sale. Although Claimant supplies no exhibits other than a copy of the title, the Court concludes that the title document and Claimant's assertions are sufficient to establish constitutional standing under the *Rodriguez-Aguirre* standard. Therefore, the Court finds that Claimant has met her burden to establish both statutory and constitutional standing and may now consider the motions for summary judgment.

**Government's Proof**

It is undisputed that the Government has met its only burden of establishing probable cause to believe the Property was subject to seizure and forfeiture. In evaluating the proof, the Court may

---

³The Court recognizes that the Claimant does not move for return of the Property under Rule 41(e) in this case; however, *Rodriguez-Aguirre* provides guidance for this similar type of action, and its standing analysis is adopted.

consider hearsay evidence regarding the Government's belief in the guilt of the subject property. *United States v. $250, 000.000*, 808 F.2d 895, 899 (1st Cir. 1987); *United States v. One 1964 Beachcraft Baron Aircraft*, 691 F.2d 725, 728 (5th Cir. 1982).

In this case, New Mexico and federal law enforcement agents discovered that Defendant Property was hauling a trailer containing almost 400 pounds of marijuana. To support its assertion of probable cause, the Government submitted the declaration of the FBI agent who investigated the criminal matter involving the Property. (28 U.S.C. § 1746 Declaration of Jeffrey A. Royer (attached to Docket No. 14), filed June 20, 2001). Agent Royer's declaration about the presence of marijuana in the trailer establishes beyond mere suspicion that the Government has a reasonable ground for belief of the Property's guilt of transporting a controlled substance in violation of 21 U.S.C. §881(a)(4). *$149,442.43 in United States Currency*, 965 F.2d at 877 (presence of drugs is persuasive evidence to establish probable cause). Claimant, in contrast, has submitted no evidence or argument whatsoever to refute the Government's assertion of probable cause. There being no material facts in dispute on this issue, the Court finds that the Government has established probable cause, and the burden shifts to Claimant to establish a defense.

**Innocent Ownership**

Claimant has asserted the affirmative defense of innocent ownership, i.e., that she did not know that the Property was used for illegal purposes. To be successful, a claimant must show either that she "(i) did not know of the conduct giving rise to forfeiture; or (ii) upon learning of the conduct giving rise to forfeiture, did all that reasonably could be expected under the circumstances to terminate such use of the property." 18 U.S.C. §983(d)(2)(A).

In her Claim of Ownership, Claimant asserts: 1) she was unaware of any illegal activity of her common-law husband, Tommy Lee Holmes; 2) the sole purpose of the Property over many years has been to transport poultry; 3) she had no knowledge of the activities occurring on May 30, 2000; and 4) there is "no question" that she was not involved in Holmes's activities; however, Claimant does not support her statement with any admissible evidence whatsoever.[4]

To avoid summary judgment, the nonmovant "may not rest upon the mere allegations or denials of [her] pleading." *United States v. One Parcel of Property, Located at 755 Forest Road, Northford, Connecticut*, 985 F.2d 70, 72-73 (2d Cir. 1993) (citing Fed.R.Civ.P. 56(e)). As stated by the Tenth Circuit, the Court is "not constrained to accept denials supported by a mere scintilla of evidence." *16328 South 43rd East Avenue*, 275 F.3d at 1285; see also, *United States v. Parcel of Land & Residence at 5 Bell Rock Rd.*, 896 F.2d 605, 611 (1st Cir. 1990) (holding that a "merely colorable" affidavit is insufficient as a matter of law to avoid summary judgment). Claimant has utterly failed to substantiate her defense of innocent ownership with some admissible evidence that would create a triable issue for the Court.

In her counter-motion for summary judgment, Claimant argues that the Government has not proven that Claimant knew that the Property was used to facilitate criminal activity; however Claimant misapprehends the law. "Because the innocent owner defense is an affirmative defense, it is not incumbent upon the government to prove that the owner had knowledge of the illegal activity.

---

[4] In contrast to the Court's finding that the attorney-verified Claim of Ownership was sufficient to satisfy the threshold requirements of standing, the Claim of Ownership will not be considered to be an affidavit by Claimant. Claimant has not moved that it be treated as such, and the Court is, in any event, unwilling to do so without a true verification by the Claimant herself.

Rather, it is the claimant's responsibility to prove the *absence* of actual knowledge." *16328 South 43rd East Avenue,* 275 F.3d at 1284-85 (internal quotation marks omitted, emphasis in original).

The Court has given Claimant ample opportunity to assert and support this affirmative defense, and has warned in its Memorandum Opinion and Order:

> [A]s the pleadings now stand, Claimant has set forth not a scintilla of support for her claim of innocent ownership. Unless Claimant uses the amended and additional pleadings herein authorized to establish standing and provide sufficient facts to raise a triable dispute, the Court will likely grant summary judgment in favor of the Government without further briefing.

Such is now the case.

Since the Government has established probable cause and since Claimant has submitted no admissible evidence regarding her innocent ownership defense, there are no material facts in dispute regarding Claimant's claim. Therefore, summary judgment in favor of the Government shall be granted as a matter of law, and Claimant's counter-motion for summary judgment, accordingly, shall be denied.

**IT IS, THEREFORE, ORDERED** that the Government's Motion for Summary Judgment Regarding the Right, Title, and Interest of Claimant Delois Grace is **granted,** and that Claimant's Answer in Opposition to Plaintiff's Motion for Summary Motion [sic] and Motion for Summary Judgment in Favor of Claimant is **denied.**

**IT IS FURTHER ORDERED** that any and all right, title, and interest of Claimant, Delois Grace, in the Defendant Property is forfeited to the United States.

_____
**UNITED STATES DISTRICT JUDGE**

-10-